# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

|  |  |
|---|---|
| JOANNA CASTLE<br>5001 South Ave #142<br>Toledo, Ohio 43615<br><br>Plaintiff,<br><br>v.<br><br>CHOICE PROPERTIES, INC.<br>2265 Livernois<br>Suite 500<br>Troy, MI 48083<br><br>and<br><br>TRION SOLUTIONS II<br>340 E Big Beaver<br>Suite 160<br>Troy, MI 48083<br><br>Defendants. | Case No.<br><br>Judge<br><br>**COMPLAINT; JURY DEMAND**<br>**ENDORSED HEREON**<br><br>Francis J. Landry (0006072)<br>Katherine A. Pawlak (0086885)<br>**WASSERMAN, BRYAN, LANDRY &**<br>**HONOLD, LLP**<br>1090 West South Boundary, Suite 500<br>Perrysburg, Ohio 43551<br>Telephone: (419) 243-1239<br>Facsimile: (419) 243-2719<br>Email: FLandry308@aol.com<br>       kpawlak@wblhlaw.com<br>Attorney for Plaintiff,<br>Joanna Castle |

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201, and 2202. This action is for a violation of Section 15(a)93) of the Fair Labor Standards Act. This action, in part, is one for money damages and liquidated damages resulting from an

alleged unlawful termination of employment. This Court's supplemental jurisdiction is also invoked over state law claims pursuant to 28 U.S.C. Section 1367.

## VENUE

2. Venue of this Court is proper pursuant to 28 U.S.C. § 1391, as Plaintiff was employed at a location in Perrysburg, Ohio, where the termination and events giving rise to the causes of action herein took place.

## PARTIES

3. Plaintiff, Joanna Castle ("Plaintiff"), is a resident of the City of Toledo, County of Lucas, State of Ohio. Plaintiff was employed by Defendant from March 27, 2017 until her termination on June 16, 2017.

4. Defendant, Choice Properties Inc. ("Defendant Choice"), is a Michigan corporation, operating places of business in Perrysburg, Ohio. Defendant is an employer within the meaning of the Fair Labor Standards Act ("FLSA"), and the Ohio Minimum Fair Wage Standards Act ("MFWSA"), in that Defendant's annual sales exceed $500,000.

5. Defendant Trion Solutions II, Inc. is a Michigan corporation, operating places of business in Perrysburg, Ohio. Defendant is an employer within the meaning of the Fair Labor Standards Act ("FLSA"), and the Ohio Minimum Fair Wage Standards Act ("MFWSA"), in that Defendant's annual sales exceed $500,000.

## NATURE OF THE CASE

6. Plaintiff brings this action for damages for an unlawful discharge of her employment by Defendants, who discharged Plaintiff in violation of the FLSA and the MFWSA. Defendants furthermore failed to promptly pay Plaintiff for her services while Plaintiff was employed by Defendants.

**FACTS**

7. Plaintiff began her employment with Defendants on March 27, 2017 as a Regional Manager.

8. Her job was supposed to entail hiring, firing, supervision of employees, overseeing community management, staff actions and activities, reviewing contracts, and assisting with negotiations for outside contracted persons or companies.

9. When Plaintiff began her job however, she learned that the job position had been misrepresented to her, as she was not permitted to have any authority. Plaintiff's supervisor consistently countermanded her directions to staff and outside contractors regarding site projects, timeframes, trainings, hiring and termination processes.

10. Plaintiff's territory covered 3 manufactured housing communities in Perrysburg, Ohio, and one in Erie, Michigan.

11. After accepting the position, Plaintiff learned that Defendant was going to require Plaintiff to live in manufactured housing by defendant, at its location at Meadows of Perrysburg, in Perrysburg, Ohio.

12. Plaintiff performed her job to her employer's reasonable expectations even though she was never provided with parameters for Defendant's expectations of Plaintiff. Furthermore, she was well qualified for her position, with numerous years in management and experience managing properties.

13. For her first payday, Plaintiff entered 109 hours of work on her timesheet. In response, she received a scathing letter from human resources, telling Plaintiff to only make 40 hours per week on her timesheet.

14. Plaintiff complained to Defendants about FMLA violations and wage and hour violations, including having employees work overtime without paying employees for overtime.

15. The retaliation against Plaintiff culminated in Plaintiff's termination on June 16, 2017.

16. As a result of being terminated, Plaintiff's tenancy at Meadows of Perrysburg was also terminated.

### FIRST CLAIM FOR RELIEF
### FLSA Retaliation

17. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through six teen (16) of this Complaint, supra, by reference in its entirety as if fully restated herein.

18. Plaintiff states that she complained to Defendant on multiple occasions about Defendant's non- compliance with wage and hour laws.

19. Thereafter, Plaintiff was terminated on June 16, 2017. However, Plaintiff was meeting her employer's reasonable expectations, and performed her job well.

20. Plaintiff states that in terminating her employment, Defendant has intentionally retaliated against Plaintiff in violation of Section 15(a)(3) of the Fair Labor Standards Act.

21. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of her job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
### OHIO MFWSA Retaliation

22. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-one (21) of this Complaint, supra, by reference in its entirety as if fully restated herein.

23. Plaintiff states that she complained to Defendant on multiple occasions about Defendant's non- compliance with wage and hour laws.

24. Thereafter, Plaintiff was terminated on June 16, 2017. However, Plaintiff was meeting her employer's reasonable expectations, and performed her job well.

25. Plaintiff states that in terminating her employment, Defendant has intentionally retaliated against Plaintiff in violation of Sections 4111.13 and/or 4111.14 of the Ohio Minimum Fair Wage Standards Act.

26. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of her job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

## THIRD CLAIM FOR RELIEF
### Ohio's Prompt Payment Act – O.R.C. § 4113.15

27. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-six (26) of this Complaint, supra, by reference in its entirety as if fully restated herein.

28. Ohio Revised Code Section 4113.15(B) states in pertinent part:

> "Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

29. Plaintiff earned wages throughout the 2017 calendar year for tasks performed for Defendant

5

30. More than sixty days has passed since the regularly scheduled paydays when Plaintiff's earned wages should have been paid.

31. As such, Defendant has failed to pay Plaintiff multiple wages earned in the 2017 calendar year, in violation of Ohio Revised Code Section 4113.15

32. As a proximate cause of Defendant's actions, Plaintiff has suffered lost wages, and is entitled to liquidated damages.

### FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

33. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-two (32) of this Complaint, supra, by reference in its entirety as if fully restated herein.

34. Plaintiff provided services to Defendant as a Regional Manager.

35. Defendant has retained the benefit of Plaintiff's services without just compensation.

36. Permitting Defendant to retain the benefit of Plaintiff's services without compensating Plaintiff injures Plaintiff.

37. As a proximate cause of Defendant's actions, Plaintiff has suffered lost wages.

### FIFTH CLAIM FOR RELIEF OF PLAINTIFF
### Ohio Revised Code Sections 4112.02(L) and 4112.99 as amended, Age Discrimination

38. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-seven (37) of this Complaint, supra, by reference in its entirety as if fully restated herein.

39. Plaintiff is a seventy-three (73) year old individual.

40. At all times material hereto, Plaintiff was meeting the Defendant's legitimate employer expectations. Plaintiff was qualified for her job, and performed her job well.

41. Plaintiff was terminated on June 16, 2017.

42. Upon information and belief, Plaintiff was replaced by a substantially younger person.

43. Plaintiff states that she was terminated because of her age.

6

44. Plaintiff states that the Defendant has intentionally discriminated against Plaintiff on the basis of her age in violation of Ohio Revised Code Section 4112.02(L) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

45. As a proximate result of the acts of the Defendants complained of herein, Plaintiff has suffered the loss of past and future wages. Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering, humiliation and embarrassment.

## SIXTH CLAIM FOR RELIEF
### Fair Labor Standards Act—29 U.S.C. Sections 621 et seq.

46. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty-five (45) of this Complaint, supra, by reference in its entirety as if fully restated herein.

47. Plaintiff earned wages throughout the 2017 calendar year for tasks performed for Defendant, but has not been paid appropriate overtime for her hours worked.

48. As such, Defendant has failed to pay Plaintiff multiple wages earned in the 2017 calendar year, in violation of 29 U.S.C. Section 218(c).

49. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## SEVENTH CLAIM FOR RELIEF
### Wrongful Discharge

50. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty-nine (49) of this Complaint, supra, by reference in its entirety as if fully restated herein.

51. Plaintiff states that she reported FMLA violations to her employer.

52. Thereafter, on June 16, 2017, Plaintiff was terminated, even though Plaintiff was performing her position to her employer's reasonable expectations.

53. Plaintiff states that in terminating her employment, Defendants did so in violation of the public policy of the state of Ohio. Plaintiff states that there was a clear public policy that employees should not be retaliated against for reporting FMLA violations. This public policy can be found in 29 U.S.C. 2601 et seq. Plaintiff states that by terminating her, Defendant jeopardizes this public policy.  Plaintiff states that her discharge was motivated by her complaints, and Defendant lacked an overriding legitimate business justification for her discharge.

54. As a proximate result of the actions of Defendants complained of herein, Plaintiff has suffered the loss of her job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiffs have also been forced to expend court costs and attorney's fees.

### EIGHTH CLAIM FOR RELIEF
### Ohio Revised Code Section 4112.02, Sex Discrimination

55. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifty-four (54) of this Complaint, supra, by reference in its entirety as if fully restated herein.

56. Plaintiff is a female individual.  At all times material hereto, Plaintiff was meeting the Defendant's <u>legitimate</u> employer expectations.  Plaintiff was qualified for her job, and performed her job well.

57. Plaintiff was terminated on June 16, 2017.

58. Plaintiff states that she was terminated because of her sex.

59. Plaintiff states that similarly situated male employees were more favorably treated.  They were permitted to utilize PTO without advance notice, and were retained in their positions, while

Plaintiff was not. Furthermore, Plaintiff heard Defendant make the statement that women were subservient to men.

60. In subjecting Plaintiff to different terms and conditions of employment and terminating her, Defendant has intentionally discriminated against her on the basis of her sex in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

61. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of her job position, back wages, fringe benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### NINTH CLAIM FOR RELIEF
### Disability Discrimination O.R.C. Sections 4112.02(A) and 4112.99

62. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through sixty-one (61) of this complaint by reference in its entirety as if fully restated herein.

63. Plaintiff states that at all relevant times, she was a disabled individual within the meaning of Ohio Revised Code Chapter 4112.02(A). Alternatively, Plaintiff was disabled on the basis of her record of medical impairments and because she was perceived by defendant as being disabled.

64. Plaintiff states that she suffered from duodenal ulcers. Plaintiff states that her disabling condition substantially limited one or more major bodily functions, including but not limited to digestion. Plaintiff states that the Defendant was aware of her disabilities as she discussed the need to utilize PTO to see a doctor. However, she was told that any use of PTO time needed to be scheduled in advance.

65. Defendant also stated "I didn't know you had ulcers" – the following day Plaintiff was terminated.

66. Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee. Despite her disability, Plaintiff can safely and substantially perform the essential functions of her position with or without an accommodation.

67. Plaintiff states that in preventing her from using PTO time off to visit a doctor and in terminating her employment, Defendant violated and/or intentionally violated Chapter 4112.02(A) and 4112.99 as amended on the basis of disability.

68. As a proximate result of the actions of Defendant as complained of herein, said Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE**, Plaintiff, demands judgment against Defendant for lost back wages, future wages, benefits, and for compensatory, liquidated, and punitive damages, prejudgment and post-judgment interest, plus her costs and reasonable attorney's fees, and whatever other relief, legal, or equitable to which she may appear to be entitled.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Joanna Castle

## JURY DEMAND

Plaintiff demands a jury trial as to all issues to triable in the within cause.

                    s/Francis J. Landry
                    Francis J. Landry